**COOK, PERKISS AND LIEHE, INC.,**
**and David J. Cook,**
**Plaintiffs–Appellants,**

v.

**NORTHERN CALIFORNIA COLLEC-
TION SERVICE INC.; Sacramento
Valley Board of Trade Inc.; Lawrence
H. Cassidy, Defendants–Appellees.**

No. 88–15447.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1989.

Decided Aug. 10, 1990.

David J. Cook, Cook, Perkiss & Liehe, San Francisco, Cal., for plaintiffs-appellants.

Harold B. Auerback, San Francisco, Cal., for defendants-appellees.

Before WALLACE, PREGERSON and ALARCON, Circuit Judges.

PER CURIAM:

Appellant Cook, Perkiss & Liehe appeals the decision of a United States Magistrate acting pursuant to 28 U.S.C. § 636(c) granting appellees' motion to dismiss for failure to state a claim for false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). We agree with the magistrate that Cook's complaint does not state a claim for relief under the Lanham Act because, as a matter of law, the alleged misrepresentations contained in the appellees' advertisement are merely "puffery." We therefore affirm the magistrate's judgment dismissing the Lanham Act claim and dismissing without prejudice the pendent state claims.

## BACKGROUND

Appellant, Cook, Perkiss and Liehe, Inc., ("Cook") is a California law firm engaged primarily in commercial and consumer debt collection in Northern California. Lawrence H. Cassidy, appellee, is chief executive officer of appellee, Northern California Collection Service ("NCC"), a California corporation that provides debt collection services for its clients.

Giving rise to this suit was an advertisement placed by NCC in McCords Daily Notification Sheet, a San Francisco publication that provides credit information to subscribers. The advertisement stated:

DO YOU PAY FOR AN ATTORNEY TO DO YOUR COLLECTION WORK? And pay. And pay. And pay! Were you quoted a really low "collection fee" only to find that "costs" are eating you alive? Do you find that you are doing all the "leg work" for your lawyer? Then call us—we're the low cost commercial collection experts.

NORTHERN CALIFORNIA COLLECTION SERVICE, INC.

SACRAMENTO VALLEY BOARD OF TRADE, INC.

700 Leisure Lane, Sacramento, CA 95815

(916) 929–7811

Lawrence H. Cassidy, President

Cook filed a complaint in the United States District Court, Northern District of California, on April 29, 1988 and an amended complaint on May 16, 1988, alleging five causes of action with regard to the advertisement. The first is a false advertising claim under section 43(a) of the Lanham Act (the "Act"), 15 U.S.C. § 1125(a). The remaining claims are state and common law causes of action for unfair competition, libel, defamation, and disparagement.

The parties consented to proceed before a U.S. Magistrate pursuant to 28 U.S.C. § 636(c). On August 2, 1988, Magistrate Claudia Wilken granted, without leave to amend, NCC's motion to dismiss for failure to state a claim under the Lanham Act. She then declined to exercise jurisdiction over the pendent state claims in the absence of a cognizable claim under the Lanham Act, and dismissed them without prejudice. A judgment was entered by Magistrate Wilken on September 9, 1988.

Magistrate Wilken found that false advertising under section 43(a) of the Act is limited to false representations with respect to a defendant's own product and services, so that to the extent NCC's advertisement made false representations about Cook's or collection attorneys' services, rather than its own, such representations are not actionable under the Lanham Act. Cook does not contest this legal finding on appeal.[1]

---

**1.** At the time of the magistrate's decision, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), applied only to misrepresentations about a defendants' own products or services. *See U–Haul Int'l, Inc. v. Jartran, Inc.,* 681 F.2d 1159, 1160–62 (9th Cir.1982) ("False statements of fact in a defendant's advertising concerning his product fit comfortably within the language of section 43(a)."); *Lamothe v. Atlantic Recording Corp.,* 847 F.2d 1403, 1406 (9th Cir.1988) ("Section 43(a) ... reaches false advertising about the goods or services of the advertiser."). Section 43(a) then provided:

(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false decription or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation

Magistrate Wilken granted the motion to dismiss because she found that the alleged implied misrepresentations concerning NCC's own services (that NCC's fees are lower than those of any attorney and that NCC performs the same services as attorneys at a better or more competitive price) were not actionable under the Act because they constituted mere "puffery" rather than factual claims upon which a reasonable consumer would rely.

Cook contends that the dismissal was improper. It argues that its complaint sufficiently stated each element of a false advertising claim under the Lanham Act, and that the district court improperly made a factual determination in holding that the advertisement was puffery and therefore not actionable. Cook also asserts that it could have added other federal claims which would have saved the pendent claims from dismissal and that the district court therefore abused its discretion in dismissing the complaint without leave to amend.

## DISCUSSION

### I. *Dismissal For Failure to State a Claim*

#### A. *Standard of Review*

■ We review de novo a dismissal for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984). We must accept material allegations in the complaint as true and construe them in the light most favorable to the appellant, Cook. *Ascon Properties, Inc. v. Mobil Oil Co.*,

866 F.2d 1149, 1152 (9th Cir.1989). We may affirm the district court's dismissal "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

#### B. *Analysis*

On appeal, the parties agree on the elements that must be alleged in order to state a false advertising claim under section 43(a) of the Act. These elements were set out in *Skil Corp. v. Rockwell Int'l Corp.*, 375 F.Supp. 777, 783 (N.D.Ill.1974):

1) in its ... advertisements, defendant made false statements of fact about its own product; [11]

2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience;

3) such deception is material, in that it is likely to influence the purchasing decision;

4) defendant caused its falsely advertised goods to enter interstate commerce; and

5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public.

*Id.* (footnote omitted).[2] *See also Oil Heat Inst. of Oregon v. Northwest Natural Gas*, 708 F.Supp. 1118, 1121 (D.Or.1988).

---

of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a) (1982).

This section was amended, effective November 16, 1989, and now encompasses statements made by a defendant about "his or her *or another person's* products." *See* Trademark Law Revision Act of 1988, Pub.L. 100–667, § 132, 102

Stat. 3946 (1988), 15 U.S.C. § 1125(a) (1988) (emphasis added).

At no point during this appeal has appellant argued that the amended version of the Act should be applied to this appeal or that the district court erred in its legal conclusion that the alleged misrepresentations concerning Cook's or collection attorneys' services are not actionable. Therefore, we decline to address either of these issues. *See International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

**2.** We note that under the newly amended version of section 43(a), the first element would

■ The controversy in this case centers around elements one and two. NCC makes one overt statement about its own services in its advertisement: "[W]e're the low cost commercial collection experts." However, a false advertising cause of action under the Act is not limited to literal falsehoods; it extends to false representations made by implication or innuendo. In *American Home Products Corp. v. Johnson & Johnson*, 577 F.2d 160 (2d Cir.1978), the Second Circuit stated:

> That Section 43(a) of the Lanham Act encompasses more than literal falsehoods cannot be questioned. Were it otherwise, clever use of innuendo, indirect intimations, and ambiguous suggestions could shield the advertisement from scrutiny precisely when protection against such sophisticated deception is most needed.

*Id.* at 165 (citations omitted). *See also U–Haul Int'l, Inc. v. Jartran, Inc.*, 522 F.Supp. 1238, 1247 (D.Ariz.1981), *aff'd*, 681 F.2d 1159 (9th Cir.1982); *cf. American Home Products Corp. v. Federal Trade Commission*, 695 F.2d 681, 687 (3d Cir. 1982).

Therefore, Cook may allege—and we are willing to accept as true for the purposes of this appeal—that the advertisement as a whole can be read as implying that NCC offers the same collection services as lawyers at a lower or more competitive price. The dispositive issue, however, is whether this alleged misrepresentation is merely "puffery," as the lower court found, and thus not actionable under the act, or whether it is a statement of fact which has the tendency to deceive the reader.

■ Cook does not refute the contention that puffing immunizes an advertisement from liability under the Lanham Act. Indeed, there is much support for this contention. *See Stiffel Co. v. Westwood Lighting Group*, 658 F.Supp. 1103, 1115 (D.N.J. 1987); *Toro Co. v. Textron, Inc.*, 499 F.Supp. 241, 253 n. 23 (D.Del.1980); *Smith–Victor Corp. v. Sylvania Electric Products, Inc.*, 242 F.Supp. 302, 308–09 (N.D.Ill.1965). Cook argues, however, that also include statements about another person's

whether a statement in an advertisement constitutes "puffing" is a question of fact that may not be determined by a court in a 12(b)(6) motion. Cook contends that it should have been allowed to introduce evidence showing that these misrepresentations could have misled the public.

It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir.1957). It is also well-established that a court must accept material allegations as true and construe them in the light most favorable to the appellant. *Ascon*, 866 F.2d at 1152.

■ Here, we are willing to accept as true Cook's allegation that the advertisement implies that NCC offers the same collection services as lawyers at a lower price. However, we still may determine as a matter of law whether this alleged misrepresentation is a statement of fact, actionable under the Lanham Act, or mere puffery. District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no sound reason why they should not do so. *See Cohen v. Prudential–Bache Sec., Inc.*, 713 F.Supp. 653, 658 (S.D.N.Y.1989) (considering whether a securities broker's statement constituted puffing in determining whether to grant a motion to dismiss for failure to state a claim for securities fraud); *Metzner v. D.H. Blair & Co.*, 689 F.Supp. 262, 263–64 (S.D.N.Y.1988) (dismissing a count alleging that brokerage firm's representatives made untrue satements of material facts because the alleged statements were "merely puffery" and therefore not actionable under the securities laws); *Radio Today, Inc. v. Westwood One, Inc.*, 684 F.Supp. 68, 74 (S.D.N.Y.1988) (considering whether alleged misrepresentations were puffery in determining whether a complaint stated a cause of action for false advertising under the Lanham Act); *Testing Systems, Inc. v.* products. *See supra*, at 243.

*Magnaflux Corp.*, 251 F.Supp. 286, 288–89 (E.D.Penn.1966) (considering whether statements were "puffs" in determining whether to grant a motion to dismiss for failure to state a claim for trade libel or disparagement).

In determining that NCC's advertisement was not actionable, Magistrate Wilken compared it to a statement found to be puffery in *Metro Mobile Cts, Inc. v. Newvector Communications, Inc.*, 643 F.Supp. 1289 (D.Ariz.1986) *rev'd without opinion*, 803 F.2d 724 (9th Cir.1986).[3] The district court in *Metro Mobile* stated that: " 'Puffing' has been described by most courts as involving outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Id.* at 1292. It found the following statement to be puffery, and therefore not actionable under Section 43(a) of the Lanham Act: "We ask you: Would you prefer to do business with the phone company with the best technology, lower rates, and better customer service?" *Id.* at 1293. Magistrate Wilken found NCC's advertisement to be similar to this advertisement in that they both imply lower rates and better services than those of a competitor. She stated that "Here, the implication of the advertisement is an exaggerated claim that defendants' costs are lower than any competing attorney's. It is beyond the realm of reason to assert, as plaintiffs do, that a reasonable consumer would interpret this as a factual claim upon which he or she could rely."

We agree with the district court that any implication that can be drawn from NCC's advertisement regarding NCC's lower costs and superiority over collection attorneys constitutes puffery and is not actionable as false advertising under Section 43(a) of the Lanham Act.

In the FTC context, we have recognized puffery in advertising to be "claims [which] are either vague or highly subjective." *Sterling Drug, Inc. v. Federal Trade Commission*, 741 F.2d 1146, 1150 (9th Cir.1984),

*cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 143 (1985). The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions. "[A]dvertising which merely states in general terms that one product is superior is not actionable." *Smith–Victor*, 242 F.Supp. at 308. "However, misdescriptions of specific or absolute characteristics of a product are actionable." *Stiffel*, 658 F.Supp. at 1115. In *Smith–Victor*, an advertiser's statement that its lamps were "far brighter than any lamp ever before offered for home movies" was ruled puffery. However, when the advertiser quantified numerically the alleged superior brightness with statements such as "35,000 candle power and 10–hour life," the court found a potential Lanham Act claim. 242 F.Supp. at 308–09.

Here, the alleged misrepresentations in NCC's advertisement are merely general in nature. The statement that "we're the low cost commercial collection experts" and any implication that NCC has comparable services to attorneys at lower rates are general assertions of superiority rather than factual misrepresentations. The advertisement does not contain the kind of detailed or specific factual assertions that are necessary to state a false advertising cause of action under the Act. We agree with Magistrate Wilken that "it is beyond the realm of reason to assert ... that a reasonable consumer would interpret this as a factual claim upon which he or she could rely."

## II. Denial of Leave to Amend

■ Cook argues that the district court improperly denied its motion for leave to amend its complaint. NCC contends that Cook never made a motion to amend. In its reply brief, Cook points out that it requested leave to amend in its brief in opposition to the motion to dismiss.

---

**3.** In *Metro Mobile* the district court granted preliminary injunctive relief to ban the defendants' advertisements (it found defendants' other advertisements to be misleading and not puffery) and we reversed without opinion.

We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962) (citing *Sidebotham v. Robison*, 216 F.2d 816, 826 (9th Cir.1954); *see also Erlich v. Glasner*, 352 F.2d 119, 122 (9th Cir.1965). Therefore, it is of no consequence that Cook did not file a formal motion, accompanied by a proposed amendment, requesting leave to amend.

Here, it is apparent that the district court determined that the pleading could not be cured by the allegation of other facts. Because it found that the advertisement was not a factual representation and therefore not actionable, no amendment would have been able to cure this defect.

Cook also contends that it should have been granted leave to amend to add other federal claims so that its pendent state claims, which it asserts are now time barred, would not have been dismissed. In the lower court proceedings on the motion, however, Cook did not indicate in any way that it had other federal claims to bring when the court solicited arguments from the attorneys on the issue of dismissing the pendent claims. In addition, the federal causes of action that Cook lists in its reply brief that it contends could have been added to save the pleading are either incomprehensible or futile. Therefore, the district court's decision to grant the motion without leave to amend was proper.

### III. *Dismissal of Pendent State Law Claims*

The lower court dismissed without prejudice Cook's pendent state claims. When federal claims are dismissed before trial, the question whether pendent state claims should still be entertained is within the discretion of the district court. *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985). We have held that the proper exercise of discretion is to dismiss the pendent state claims as well. *Jones v. Community Redevelopment Agency*, 733

F.2d 646, 651 (9th Cir.1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Therefore, the district court's action in this regard was proper.

AFFIRMED.