### Detsel J. PARKINSON and Earlene Parkinson, Plaintiff,

v.

**UNITED STATES of America, Internal Revenue Service, B.L. Winmill, Larry M. Boyle, Mark Echohawk, Betty H. Richardson, William T. Murphy, James L. Mason, Cindy Mason, Cheryl Mosby, Al Seefried, Kay Mosher, Idaho Tax Commission, Daryl Jones, Idaho Attorney General Office, Larry Wasden, Ray Rigby, individually and dba Rigby, Thatcher, & Andrus, and also dba Rigby, Thatcher, Rigby, & Kam, Dale Thomson, and Does 1–10 Inclusive, Defendants.**

### No. CV00–211–S–EJL.

United States District Court,
D. Idaho.

March 9, 2001.

Detsel J. Parkinson, Rexburg, ID, pro se.

Earlene Parkinson, Rexburg, ID, pro se.

Charles M. Duffy, U.S. Dept. of Justice, Tax Division, Washington, DC, Richard L. Pomeroy, US Attorney, Anchorage, AK, for defendants.

## ORDER

LODGE, District Judge.

On February 12, 2001, United States Magistrate Judge Mikel H. Williams issued his Order, Report and Recommendation in this matter. Docket No. 54.[1] Pur-

---

1. Judge Williams issued the following order: (1) Plaintiffs' Motion to Disqualify Winmill and Lodge, and to Consolidate Case with No. 98–340–E–BLW (Docket No. 14), filed August 25, 2000, is denied; (2) IRS Defendants' Motion for Protective Order re: Discovery (Docket No. 32), filed September 29, 2000, is deemed moot; (3) Plaintiffs' Motion to Strike/

suant to 28 U.S.C. § 636(b)(1), the parties had ten (10) days in which to file written objections to the proposed findings and report and recommendation. On February 20, 2001, Plaintiffs Detsel J. and Earlene Parkinson filed an objection, refutation, opposition, and motion to strike/quash and/or vacate order and report and recommendation of Mikel H. Williams, Magistrate (Docket No. 56). On February 26, 2001, Defendant Dale Thomson filed his response to Plaintiffs' objections (Docket No. 57), on February 28, 2001, the IRS Defendants [2] filed their response (Docket No. 58), on March 2, 2001, Defendant Richardson filed her response (Docket No. 60), and on March 5, 2001, the Federal Court Defendants [3] filed their response (Docket No. 61). On February 26, 2001, Plaintiffs filed a "Supplemental Memorandum Brief of Objections, Refutations, & Opposition to, and Motion to Strike, Quash and Vacate Magistrate's Order and Report and Recommendation filed Feb. 12, 2001" (Docket No. 59).[4] Plaintiffs requested a full hearing on the matter.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## I. STANDARD OF REVIEW

■ Pursuant to 28 U.S.C. § 636(b)(1), a district court judge may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Furthermore, a district court judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge.

## II. ANALYSIS [5]

Quash Motion for Protective Order (Docket No. 41), filed October 11, 2000, is deemed moot; (4) Plaintiffs' Motion to Compel Defendants to comply with Plaintiffs' First Requests (Docket No. 42), filed October 11, 2000, is deemed moot; (5) Plaintiffs' Motion to Compel Defendant Winmill to Answer Interrogatories (Docket No. 44), filed October 23, 2000, is deemed moot; (6) Defendant Winmill's Motion for Protective Order Staying Discovery (Docket No. 45), filed November 17, 2000, is deemed moot. Judge Williams also made the following recommendations: (1) grant Idaho Defendants' Motion to Dismiss (Docket No. 7), filed August 8, 2000; (2) grant IRS Defendants' Motion to Dismiss (Docket No. 11), filed August 29, 2000; (3) grant Federal Court Defendants' Motion to Dismiss (Docket No. 21), filed September 18, 2000; (4) grant Defendant Betty Richardson's Motion to Dismiss (Docket No. 22), filed September 18, 2000; (5) grant Defendant Ray Rigby's Motion to Dismiss (Docket No. 24), filed September 18, 2000; and (6) grant Defendant Dale Thom-

son's Motion to Dismiss (Docket No. 26), filed September 19, 2000.

2. The IRS Defendants are identified individually as (1) the United States of America, (2) the Internal Revenue Service, (3) William T. Murphy, (4) James L. Mason, (5) Cindy L. Mason, (6) Al Seefried, (7) Cheryl Mosby, and (8) Kay Mosher.

3. The Federal Court Defendants are individually identified as Defendant U.S. District Judge B. Lynn Winmill, U.S. Magistrate Judge Larry M. Boyle, and Defendant Mark Echohawk are collectively referred to as "the Federal Court Defendants."

4. The Court cautions Plaintiffs that all briefing must comply with the local rules as set forth by this district. Plaintiffs' briefing *greatly exceeds* the page limits set forth by D. Id. L.R. 7.1(a)(2).

5. Plaintiffs have not objected to Judge Williams' Order deeming moot the following

## A. General Objections

■ Plaintiffs first appear to argue that Magistrate Judge Williams had no jurisdiction to issue his report and recommendation. Docket No. 56 at 2. Section 636(b)(1)(A) of Title 28 of the United States Code permits a district judge to designate a magistrate to hear and determine any pretrial matter before the court. On September 20, 2000, this Court referred all pre-trial matters in the instant case to United States Magistrate Mikel H. Williams. Docket No. 29. Accordingly, despite Plaintiffs' allegations to the contrary, Judge Williams had jurisdiction to hear all pending motions in the instant case and was well within his authority in issuing his report and recommendation.

Plaintiffs next argue that Judge Williams inaccurately concluded that Plaintiffs' Complaint is unclear as to the exact conduct underlying the broad allegations. Docket No. 59 at 2. Plaintiffs then proceed by reiterating portions of their Complaint. *Id.* at 2–14. After reviewing the record, the Court agrees with Judge Williams that Plaintiffs have failed to clarify what exact conduct underlies their broad allegations. However, the Court will deal more specifically with this objection below as it deter-

mines whether Plaintiffs have stated claims upon which relief can be granted as to the individually named Defendants.

## B. Magistrate Court's Orders

■ A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. Oregon State Med. Soc.*, 343 U.S. 326, 339, 72 S.Ct. 690, 698, 96 L.Ed. 978 (1952) *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). *See also In re Cement Antitrust Litigation*, 688 F.2d 1297, 1305 (9th Cir. 1982); *Thomas v. SS Santa Mercedes*, 572 F.2d 1331, 1335 (9th Cir.1978).

## 1. Motion to Disqualify District Judge Lodge (Docket No. 14–1)

■ Plaintiffs first appear to object to Judge Williams' Order denying Plaintiffs' Motion to Disqualify District Judge Lodge, (Docket No. 14–1), filed August 25, 2000. Docket No. 59 at 26–27.[6] Specifically, Plaintiffs argue that Judge Williams erred by failing to address the cases cited by Plaintiff which allegedly require the disqualification of Judge Lodge.

motions: (1) IRS Defendants' Motion for Protective Order re: Discovery (Docket No. 32), filed September 29, 2000; (2) Plaintiffs' Motion to Strike/Quash Motion for Protective Order (Docket No. 41), filed October 11, 2000; (3) Plaintiffs' Motion to Compel Defendants to comply with Plaintiffs' First Requests (Docket No. 42), filed October 11, 2000; (4) Plaintiffs' Motion to Compel Defendant Winmill to Answer Interrogatories (Docket No. 44), filed October 23, 2000; and (5) Defendant Winmill's Motion for Protective Order Staying Discovery (Docket No. 45), filed November 17, 2000. Finding no clear error, this Court affirms Judge Williams' Order as to these matters.

**6.** Plaintiffs' original motion also requested a disqualification of Judge Winmill and their

objection is entitled "ALL U.S. DISTRICT JUDGES AND MAGISTRATE JUDGES OF THE DISTRICT OF IDAHO ARE DISQUALIFIED AND RECUSED FROM HEARING OR PRESIDING OVER ANY MATTER HEREIN." Docket No. 59 at 26. However, Plaintiffs' objection does not otherwise refer to Judge Winmill and, having reviewed the portion of the record applicable to Judge Winmill, this Court is not left with the definite and firm conviction that a mistake has been committed; accordingly, the Court finds that Magistrate Williams' Order denying Plaintiffs' Motion to Disqualify District Judge Winmill is affirmed. On the other hand, Plaintiffs' objection does make specific reference to Judge Lodge; accordingly, this Court will review Judge Williams' denial as to Judge Lodge for clear error.

Without being specific, Plaintiffs argue that a thorough reading of all filings in this and other cases would reveal the reasons why Judge Lodge should recuse himself from this and any other related matters. Plaintiffs generally argue that Judge Lodge knows but overlooks egregious misstatements and abusive actions of Judge Williams and note that they intend for Judge Lodge to be either a defendant or witness in the instant action. In *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986), the Supreme Court noted that allegations of bias will rise to the level of a due process violation only in the most extreme instances. *Id.* at 821, 106 S.Ct. at 1585. Plaintiffs' arguments here fall well below that level. In *Aetna,* the record presented more than Plaintiffs' mere allegations of bias and prejudice. In *Aetna,* the Appellant was able to support claims that one of the Alabama Supreme Court Justices had a direct stake in the outcome of the case. That is certainly not the case here. Plaintiffs have failed to demonstrate that Judge Lodge has any personal animosity or bias against them. Furthermore, there is no evidence that Judge Lodge has failed to act impartially. No new law or evidence having been presented, and this Court having reviewed the record, this Court affirms Judge Williams' Order denying Plaintiffs' Motion to Disqualify District Judge Lodge.[7]

### 2. Motion to Consolidate Case with No. 98–340–E–BLW (Docket No. 14–2)

■ Next, Plaintiffs object to Judge Williams' Order denying Plaintiffs' Motion to Consolidate Case with No. 98–340–E–BLW, (Docket No. 14–2), filed August 25, 2000. Docket No. 59 at 28–29. Specifically, Plaintiffs argue that this case and CV 98–340 have factual matters and causes of action in common and more than would meet the goals of judicial economy. Plaintiffs further indicate that their desire to consolidate the matters was based, in part, on an effort to prevent Judge Winmill from issuing an order resolving case CV 98–340.

After reviewing the record, the Court is unpersuaded by Plaintiffs' general allegation that consolidation is appropriate. As noted by Judge Williams, case number CV 98–340–E–BLW is a civil action wherein these Plaintiffs were named as Defendants by the United States for the purpose of collecting taxes due and owing the government. The instant case alleges racketeering, civil conspiracies and due process violations by the Plaintiffs against various state and federal employees. Plaintiffs have failed to specify what causes of action the two cases have in common or indicate how consolidation would meet the goals of judicial economy. Furthermore, Plaintiffs fail to state how Judge Williams' findings are clearly erroneous. No new law or evidence having been presented, and this Court having reviewed the record, this Court affirms Judge Williams' Order denying Plaintiffs' Motion to Consolidate.

### III. Magistrate Court's Recommendations

Next, Plaintiffs object to Judge Williams' recommendation to grant the various Defendants' motions to dismiss (Docket Nos. 7, 11, 21, 22, 24, 26).

---

**7.** Plaintiffs have also cited *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), for the proposition that Judge Lodge needs to recuse himself. In *Murchison* the Supreme Court determined that a judge who effectively served as the complainant, prosecutor, and judge in a contempt proceeding was personally biased in favor of conviction. *Id.* at 137–39, 75 S.Ct. 623. Those facts are not present here and the Court finds *Murchison* distinguishable from the case at bar.

Based on the Plaintiffs' objections, this Court must conduct a de novo review of the record. It is a statutory and constitutional obligation of the district court "to arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made." *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir.1989).

### A. Motions to Dismiss

Plaintiffs object to Judge Williams' recommendations to grant each of the Defendants' Motions to Dismiss. For clarity, the Court will look at each Defendants' motion in turn.

### 1. The Idaho Defendants' Motion to Dismiss [8]

 In granting the Idaho Defendants' motion to dismiss, Judge Williams found that the Plaintiffs' Complaint was barred under the Eleventh Amendment and/or the Tax Injunction Act, 28 U.S.C. § 1341. Plaintiffs generally allege that "[t]he case authorities do in fact establish that there are no immunities nor Eleventh Amendment protections to any of said defendants." Docket No. 59 at 21.

The local rules of this district require that any party "objecting to the recommended disposition of the matter shall serve and file *specific, written objections* to the proposed findings and recommendations." D. Id. L. Civ. R. 72.1(b)(2). Plaintiffs' general statement regarding the alleged holdings of unidentified case authorities does not sufficiently specify the objections being made. Accordingly, no new law, evidence or argument being presented, this Court finds that the recom-

mendations of Judge Williams are well reasoned and well founded in law and hereby accepts and adopts as its own the findings of Judge Williams as to the Idaho Defendants.

### 2. The IRS Defendants

In granting the IRS Defendants' motion to dismiss, Judge Williams found that individual IRS employees cannot be sued in their official capacities and, in dismissing the individual employees, noted that the proper party defendant to address the allegations in Plaintiffs' Complaint is the United States.[9] Judge Williams then found that Plaintiffs' claims fail to state a claim upon which relief may be granted and/or are barred by the doctrines of res judicata and collateral estoppel as to the IRS Defendants. Plaintiffs assert that the alleged facts and causes of action in their present Complaint were not alleged in an earlier case because they had not yet occurred and the fact that some of the federal defendants were named in an earlier case is not sufficient to bar the present claims. Docket No. 59 at 23. Plaintiffs further assert that "[n]o one presented a request for judicial notice of plaintiffs' opening brief and closing briefs in said appeal on CV 98–383–E–EJG." *Id.* at 24.

 To the extent that Plaintiffs argue that a lack of judicial notice has precluded the issues of res judicata and collateral estoppel, the Court notes that Fed. R.Evid. 201(c) permits a court to take judicial notice, whether requested or not. Furthermore, while Plaintiffs specifically challenge Judge Williams' findings of res judicata and/or collateral estoppel Plain-

---

8. Defendants the Idaho Tax Commission, the Idaho Attorney General's Office, and employees Daryl Jones and Larry Wasden are collectively referred to as "the Idaho Defendants."

9. *See* 28 U.S.C. § 2410(a) and 26 U.S.C. §§ 7432(a), 7433 (precluding the suing of

named individual IRS employees in their official capacities). *See also Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir.1993) (holding that suits under FOIA may not be maintained against individual IRS employees).

tiffs fail to address his finding that Plaintiffs had failed to state a claim upon which relief could be granted. Failure to state a claim is fatal to Plaintiffs' claims. Plaintiffs' general averments of some type of grand "Mormon" conspiracy, various constitutional and statutory violations, and fraud are vague and conclusory. Plaintiffs' laundry list of alleged criminal conduct fail to allege any specific facts or tie the IRS defendants to the alleged conduct. Such failures are fatal to Plaintiffs' claims against the IRS Defendants. Accordingly, even if this Court agreed that the present issues have not been barred by the doctrines of res judicata and/or collateral estoppel Plaintiffs' claims would not be saved as to the IRS Defendants. Accordingly, no new law, evidence or argument being presented, this Court finds that the recommendations of Judge Williams are well reasoned and well founded in law and hereby accepts and adopts as its own the findings of Judge Williams as to the IRS Defendants.

### 3. The Federal Court Defendants

■ In granting the Federal Court Defendants' motion to dismiss, Judge Williams found that Judge Boyle and Mark Echohawk were not timely served. Judge Williams additionally found that Judge Winmill and Judge Boyle were previously named as Defendants in *Morgan, et al. v. Mason, et al.*, Case No. 98–383–E–BLW, which Plaintiffs were also involved in. Docket No. 54 at 8. Judge Williams additionally found Judge Winmill was entitled to judicial immunity for all actions taken within his authority as a federal judge. *Id.* Finally, Judge Williams found, as to each of the Federal Court Defendants, that Plaintiffs' Complaint failed to state a claim upon which relief could be granted. *Id.* at 9.

#### a. Defendant Mark Echohawk

Plaintiffs argue that they are entitled to relief of any alleged failure to serve within 120 days per Fed.R.Civ.P. 4(m). Docket No. 59 at 16–20. While Judge Williams' recommendation to dismiss Plaintiffs' Complaint as to Defendant Mark Echohawk was based, in part, on Plaintiffs' failure to comply with timely perfection of service of process as required by Fed. R.Civ.P. 4, Judge Williams also found that the instant Complaint failed to state a claim upon which relief could be granted with respect to this Defendant.

■ Failure to state a claim is fatal to Plaintiffs' claims. As previously noted, Plaintiffs' general averments of some type of grand "Mormon" conspiracy and various constitutional and statutory violations are vague and conclusory. Furthermore, this Court notes that the Ninth Circuit has identified law clerks as "probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function" and found that law clerks are covered by the doctrine of absolute immunity. *Moore v. Brewster,* 96 F.3d 1240, 1244–45 (9th Cir.1996). Accordingly, Defendant Echohawk, to the extent that he was assisting Judge Winmill in carrying out judicial functions, is covered by the doctrine of absolute immunity. Plaintiffs have neither articulated the conduct which ties Defendant Echohawk to the "laundry list" of alleged criminal activities nor have they stated that such conduct was outside the scope of his duties as a law clerk. Such failures are fatal to Plaintiffs' claims against Defendant Echohawk. Accordingly, granting Plaintiffs relief from the requirements of Rule 4 would not save Plaintiffs' claims as to this Defendant.

#### b. Judge Boyle

As with Defendant Echohawk, Plaintiffs argue that they are entitled to relief of any

alleged failure to serve Judge Boyle within 120 days per Fed.R.Civ.P. 4(m). Docket No. 59 at 16–20. In addition to the Rule 4 violation, Judge Williams' recommendation to dismiss Plaintiffs' Complaint as to Defendant Boyle was based on principles of res judicata and failure to state a claim upon which relief could be granted. Res judicata and failure to state a claim are both fatal to Plaintiffs' claims. The Court can discern no attempt by Plaintiffs to argue that the claims against Judge Boyle are not barred by the doctrine of res judicata. Furthermore, as with Defendant Echohawk, Plaintiffs have failed to allege any specific fact associating Judge Boyle with the alleged criminal conduct. Such failures are fatal to Plaintiffs' claims against Judge Boyle. Accordingly, granting Plaintiffs relief from the requirements of Rule 4 would not save Plaintiffs' claims as to this Defendant.

### c. Judge Winmill

Plaintiffs have not specifically objected to Judge Williams' recommendation to dismiss Judge Winmill based on judicial immunity. Furthermore, they have failed to articulate why Judge Winmill would not be entitled to such immunity for all actions taken within his authority as a federal judge. Accordingly, no new law, evidence or argument being presented, this Court finds that the recommendations of Judge Williams are well reasoned and well founded in law and hereby accepts and adopts as its own the findings of Judge Williams as to Judge Winmill and the other Federal Court Defendants.

### 4. Defendant Richardson

 Judge Williams granted Defendant Richardson's motion to dismiss for the following reasons: (1) the proper defendant is the United States; (2) Plaintiffs' claims against Defendant Richardson are barred by the doctrines of res judicata and collateral estoppel; (3) Plaintiffs' Complaint is devoid of any factual allegations against Defendant Richardson and therefore fails to meet the pleading requirements of Fed.R.Civ.P. 8; and (4) Defendant Richardson, in her official capacity as the United States Attorney for the District of Idaho, is entitled to avail herself of the doctrine of absolute immunity for all conduct engaged in while performing her functions as prosecutor.

While Plaintiffs generally objected to Judge Williams' granting of Defendant Richardson's motion to dismiss, Plaintiffs did not specifically address Judge Williams' reasoning. Plaintiffs have failed to address why Ms. Richardson, and not the United States, is the proper defendant in the instant action. Furthermore, Plaintiffs failed to allege that Ms. Richardson engaged in conduct outside of her official capacity. No new law, evidence or argument being presented, this Court finds that the recommendations of Judge Williams are well reasoned and well founded in law and hereby accepts and adopts as its own the findings of Judge Williams as to Defendant Richardson.

### 5. Defendants Rigby and Thomson

Judge Williams granted Defendant Rigby's motion to dismiss on two grounds: (1) Plaintiffs' claims against Defendant Rigby are barred by the doctrines of res judicata and collateral estoppel; and (2) Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Judge Williams granted Defendant Thomson's motion to dismiss based on violations of Rules 4 and 8.

 While Plaintiffs have generally objected to Judge Williams' recommendation to grant Defendant Rigby's and Defendant Thomson's motions to dismiss, as previously noted, the local rules of this district requires objecting parties to file *specific, written objections.*

Plaintiffs' general notice of opposition does not sufficiently specify the objections being made. Accordingly, no new law, evidence or argument being presented, this Court finds that the recommendations of Judge Williams are well reasoned and well founded in law and hereby accepts and adopts as its own the findings of Judge Williams as to Defendant Rigby and Thomson.

## IV. CONCLUSION AND ORDER

Because the Court finds the Report and Recommendation of Magistrate Judge Williams to be well reasoned and well founded in law, the Court hereby accepts and adopts as its own, the findings made by Judge Williams. Acting in part on the recommendations of Judge Williams, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Judge Williams' Order denying Plaintiffs' Motion to Disqualify Winmill and Lodge, and to Consolidate Case with No. 98–340–E–BLW (Docket No. 14), filed August 25, 2000, is **AFFIRMED;**

**IT IS FURTHER ORDERED** that Idaho Defendants' Motion to Dismiss (Docket No. 7), filed August 8, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that IRS Defendants' Motion to Dismiss (Docket No. 11), filed August 29, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that Federal Court Defendants' Motion to Dismiss (Docket No. 21), filed September 18, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant Betty Richardson's Motion to Dismiss (Docket No. 22), filed September 18, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant Ray Rigby's Motion to Dismiss (Docket No. 24), filed September 18, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant Dale Thomson's Motion to Dismiss (Docket No. 26), filed September 19, 2000, is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Strike, Quash and/or Vacate Judge Williams' Report and Recommendation (Docket Nos. 56, 59), filed February 20, 2001, and February 26, 2001, are **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiffs' Requests for Hearing (Docket Nos. 56, 59), filed February 20, 2001, and February 26, 2001, are **DENIED.**

**IT IS FURTHER ORDERED** that this case is hereby dismissed in its entirety. The parties to bear own costs and fees.

## ORDER and REPORT AND RECOMMENDATION

WILLIAMS, United States Magistrate Judge.

Currently pending before the Court for its consideration are the following motions: 1) Idaho Defendants' motion to dismiss (docket # 7), filed August 8, 2000; 2) IRS Defendants' motion to dismiss (docket # 11), filed August 29, 2000; 3) Plaintiffs' motion to disqualify Winmill and Lodge, and to consolidate case with No. 98–340–E–BLW (docket # 14–1 and # 14–2), filed August 25, 2000; 4) Federal Court Defendants' motion to dismiss (docket # 21), filed September 18, 2000; 5) Defendant Betty Richardson's motion to dismiss (docket # 22), filed September 18, 2000; 6) Defendant Ray Rigby's motion to dismiss (docket # 24), filed September 18, 2000; 7) Defendant Dale Thomson's motion to dismiss (docket # 26), filed September 19, 2000; 8) IRS Defendants' motion for a protective order re: discovery (docket # 32), filed September 29, 2000; 9) Plaintiffs' motion to strike/quash motion for protective order (docket # 41), filed October 11, 2000; 10) Plaintiffs' motion to com-

pel Defendants to comply with Plaintiffs (docket # 42), filed October 11, 2000; 11) Plaintiffs' motion to compel Defendant Winmill to answer interrogatories (docket # 44), filed October 23, 2000; and 12) Defendant Winmill's motion for protective order staying discovery (docket # 45), filed November 17, 2000. Having reviewed all briefing submitted, as well as other pertinent documents in the Court's file, and having heard oral arguments, the Court makes its Order and Report and Recommendation as follows.

## *REPORT*

### I.

### Background.

Plaintiffs, Detsel and Earlene Parkinson, bring suit alleging that various state and federal employees have, in connection with two lawsuits they filed previously, engaged in conduct of racketeering enterprises, civil conspiracies, violation of Plaintiffs' constitutional rights, etc. in an effort to "deny, violate, and destroy, Plaintiffs' rights, properties, well being and existences."

Plaintiffs have asserted their allegations in a broad manner against several groups of Defendants, including: a) the Honorable B. Lynn Winmill, the Honorable Larry M. Boyle, and Mark EchoHawk ("the Federal Court Defendants"); b) the United States of America, the Internal Revenue Service, and employees James Mason, Cindy Mason, Cheryl Mosby, Al Seefried, and Kay Mosher ("the IRS Defendants"); c) the Idaho Tax Commission, Idaho Attorney General's Office, and employees Daryl Jones, Larry Wasden ("the Idaho Defendants"); and d) various attorneys such as

Betty Richardson, William Murphy, Ray Rigby, and Dale Thomson.

Plaintiffs' complaint is unclear as to the exact conduct underlying the broad allegations, but they do make reference to two civil cases they were involved with here in the past, both of which were resolved unfavorably to them.[1]

### II.

### Standard of review.

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994). When a complaint or portion thereof is tested as to the legal sufficiency of the claims for relief, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the moving party. *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992), *cert. denied,* 506 U.S. 999, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992).

The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir.1990). While amendments are liberally permitted under Fed.R.Civ.P. 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the op-

---

**1.** The first case is USA v. Parkinson, et al., Case No. 98–340–E–BLW. A Report and Recommendation was issued on January 8, 2001, recommending that the United States' motion for summary judgment be granted.

The second case is Morgan, et al. v. Mason, et al., Case No. CV 98–383–E–EJG, which was dismissed on October 21, 1999, and is currently before the Ninth Circuit Court of Appeals.

posing party would be unfairly prejudiced by the amendments. *U.S. v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552–53 (9th Cir.1994), *cert. denied*, 514 U.S. 1015, 115 S.Ct. 1356, 131 L.Ed.2d 214 (1995).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R.Civ.P. 12(b)(6). *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment and will be governed by the provisions contained in Fed.R.Civ.P. 56. When a court interprets a motion to dismiss as one for summary judgment, it must inform the plaintiff, especially if the plaintiff is proceeding *pro se*, that it is considering more than the pleadings and the plaintiff must be afforded an opportunity to present all pertinent material in response. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III.

### Motions to dismiss.

#### A. Idaho Defendants.

The Plaintiffs' complaint fails to present any clear and concise allegations of wrongdoings against the Idaho Defendants. The Idaho Defendants state that any allegations raised against them, in association with any conduct or action taken by the IRS in connection with tax liabilities Plaintiffs owe the United States, are improper because they were not involved in any action taken by the IRS. Accordingly, the Idaho Defendants argue that there is no basis for the claims presented against them in this case.

In addition, according to the Idaho Defendants, the allegations, claims, and issues presented against them here are the same as were contained in the complaint in *Morgan, et al. v. Mason, et al.*, Case No. 98–383–E–BLW, which Plaintiffs were also involved in. The Idaho Defendants assert that Plaintiffs are attempting to circumvent the outcome of the prior case and the appeals procedure.

Plaintiffs argue that this case is in no way similar to the *Morgan* case now on appeal. Plaintiffs do not, however, explain how the claims here differ and the court disagrees with the Plaintiffs' representation in this regard.

Although the complaint is vague in its terms, and absent any other compelling reason, the Court finds that the complaint is barred under the Eleventh Amendment, which provides that states cannot be sued in federal courts unless they have expressly waived their sovereign immunity or it has been abrogated by Congress. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991); and *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). These exceptions do not apply here.

In addition, to the extent that the action involves any matter of state taxation, the federal courts are barred by the Tax Injunction Act, 28 U.S.C. § 1341, from construing such matters. Therefore, the Court lacks subject matter jurisdiction in this instance.

Based on the foregoing, the Court will recommend that the Idaho Defendants' motion to dismiss be granted.

#### B. IRS Defendants.

The IRS Defendants assert that this suit is the third one involving the Plaintiffs which arises out of tax collection actions on behalf of the United States. The allega-

tions alleged against the IRS Defendants are no more concise than those alleged against the Idaho Defendants, and the complaint fails to allege any specific acts of wrongdoing by these Defendants.

Regardless of any specific allegations, the Court finds that the proper party Defendant to address the allegations to is the United States. Plaintiffs are precluded by statute from suing the named individual IRS employees in their official capacities. *See* 28 U.S.C. § 2410(a); and 26 U.S.C. § § 7432(a) and 7433. Suits under FOIA may also not be maintained against individual IRS employees. *Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir.1993). Based on this, the agency and the individually-named Defendants Murphy, J. Mason, C. Mason, Seefried, Mosby, and Mosher should be dismissed, and the United States substituted as the proper party Defendant.

The IRS goes on to argue that the Plaintiffs' claims under RICO; 42 U.S.C. § § 1983, 1985, and 1986; and 26 U.S.C. § § 6331, 6343, and 7426 are all barred by the doctrines of res judicata because they were previously alleged against the IRS Defendants in the earlier *Morgan* case, and were decided there. Plaintiffs against assert that it is a misstatement for the attorneys in this case to continue to that the instant case is the same as or similar to *Morgan.* However, the Court finds that the Plaintiffs' assertions in this regard are merely conclusory in nature and no reasonable factual or legal basis has been put forth by the Plaintiffs in support of their conclusions.

Res judicata serves to bar every theory that was or should have been raised in the prior action. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir.1993); and *Robi v. Five Platters, Inc.,* 838 F.2d 318, 324 (9th Cir.1988). Because the alleged facts and causes of action alleged here were also alleged. against the same IRS Defendants in the *Morgan* case, the Court finds that the instant action is barred by res judicata.

The IRS Defendants further argue that the fact that Plaintiff Earlene Parkinson was not a party to the *Morgan* case with her husband does not bar the application of collateral estoppel to the instant case because complete identity of the parties in the two suits is not required.[2] *McDuffie v. Estelle,* 935 F.2d 682, 685 (5th Cir.1991). Plaintiff Earlene Parkinson can be considered to have a sufficiently close relationship with her husband concerning their joint tax liabilities to be bound by the judgment in the *Morgan* case, even aside from the fact that she signed an amended complaint. *Vulcan, Inc. v. Fordees Corp.,* 658 F.2d 1106, 1109 (6th Cir.1981). The claims and issues presented in the instant complaint by Plaintiff Earlene Parkinson are identical to those that were presented by Plaintiff Detsel Parkinson in the *Morgan* case. Accordingly, the Court finds that the doctrine of collateral estoppel bars Mrs. Parkinson from relitigating the same claims against the same IRS Defendants.

Based on the foregoing, and the additional finding that the complaint fails to state any claim upon which relief could be granted with respect to these Defendants, the Court finds that the IRS Defendants' motion to dismiss should be granted.

## C. Federal Court Defendants.

Plaintiffs named the Honorable B. Lynn Winmill and the Honorable Larry M. Boyle, both federal judges in the District of Idaho as Defendants in the instant action. Both judges were previously named as Defendants in the *Morgan, supra,* case.

2. In the *Morgan* case, Case No. CV 98–383– E–BLW, Earlene Parkinson did sign an amended complaint as a party plaintiff.

Plaintiffs additionally named Mark Echo-Hawk, who formerly served as Judge Winmill's law clerk, as a Defendant.[3]

This action was filed on April 25, 2000. Plaintiffs had 120 days from the date of filing to perfect service of process on the Defendants, or no later than August 23, 2000. Judge Winmill was served on July 20, 2000. Defendants point out that Plaintiffs have failed to properly serve either Judge Boyle or Mark EchoHawk, and Plaintiffs do not contest this. Under Fed. R.Civ.P. 4, in the absence of timely perfection of service of process, the Court must dismiss the complaint under these circumstances as it has no personal jurisdiction over these Defendants. Accordingly, the complaint will be dismissed as to Judge Boyle and Mr. EchoHawk for failure to timely serve.

As to Judge Winmill, he is entitled to absolute judicial immunity for all actions taken within his authority as a federal judge except where he acts in the absence of jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Plaintiffs have not made any allegations to the effect that Judge Winmill acted in the absence of jurisdiction.

Based on the foregoing, and the additional findings that the instant complaint not only fails to state any claim upon which relief could be granted with respect to these Defendants, it is also barred by res judicata as to Judges Winmill and Boyle, the Court accordingly finds that the IRS Defendants' motion to dismiss should be granted.

### D. Defendant Richardson.

For several reasons, the Court finds that the claims against Defendant Richardson must be dismissed. First, and as was discussed in connection with the motion to dismiss on behalf of the IRS Defendants, which discussion is also applicable here, the proper Defendant is not Betty Richardson, in her capacity as the United States Attorney, but the United States. Accordingly, the United States should be substituted for Ms. Richardson as the proper party defendant.

Second, and for all of the reasons discussed above in connection with the IRS Defendants, the present action against Ms. Richardson is also barred by the doctrines of res judicata and collateral estoppel because Ms. Richardson was previously named as a defendant in the *Morgan, supra,* suit. Ms. Richardson was additionally named as a Defendant in another case that Plaintiff was involved in, *Bach v. Mason, et al.,* Case No. CV 98–0383–E–EJG. This presents an additional basis upon which to apply the doctrine of res judicata to bar Plaintiffs' suit in this instance against Ms. Richardson.

Third, the complaint is devoid of any factual allegations against Ms. Richardson and therefore fails to meet the pleading requirements of Fed.R.Civ.P. 8, and accordingly, the Court finds that the complaint fails to state a claim upon which relief could be granted.

Finally, Ms. Richardson, in her official capacity as the United States Attorney for the District of Idaho, is also entitled to avail herself of the doctrine of absolute immunity for all conduct engaged in while performing her functions as a prosecutor. *Kalina v. Fletcher,* 522 U.S. 118, 124, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). There are no allegations in the complaint which could be construed as alleging that Ms. Richardson engaged in any conduct outside of her official capacity.

---

**3.** While res judicata would not apply to Mark EchoHawk, since he was not a party to the *Morgan* case, the other arguments herein do apply.

Based on the foregoing, the Court finds that the motion to dismiss filed on behalf of Ms. Richardson should be granted.

### E. Defendant Rigby.

The Plaintiffs' claims against Defendant Ray Rigby, a private attorney in Rexburg, Idaho, must be dismissed for at least two reasons. First, Mr. Rigby was previously named as a Defendant by the Plaintiffs in the *Morgan, supra,* case. The same claims alleged here were already litigated there. Mr. Rigby is therefore entitled to avail himself of the bar afforded by the doctrine of res judicata for all of the reasons previously discussed elsewhere in this Recommendation.

Further, for the reasons discussed above in connection with the motion brought on behalf of the IRS Defendants, the claims of Plaintiff Earlene Parkinson, although not previously litigated, are also barred here by the doctrine of collateral estoppel for all of the reason previously stated.

Second, the complaint fails to state a claim upon which relief can be granted. In a very broad interpretation of Plaintiffs' complaint, Plaintiffs appear to possibly allege that Mr. Rigby committed professional malpractice of some kind. The Court finds that Plaintiffs have no standing to assert such a claim against Mr. Rigby because he was never their attorney, nor was he ever involved in any transaction in connection with the Plaintiffs, so he did not owe them any duty in any professional sense. Accordingly, the Court finds that there is no basis for the Plaintiffs' cause of action against Mr. Rigby.

Based on the foregoing, the Court finds that the motion to dismiss on behalf of Mr. Rigby must be granted.

### F. Defendant Thomson.

A review of Defendant Thomson's motion to dismiss reveals that it should be granted for at least two reasons. First, at the hearing, it was represented that Mr. Thomson was "served" with process on August 30, 2000, however, this was outside the 120 day period provided under Fed. R.Civ.P. 4 from the time the complaint was filed. Under Fed.R.Civ.P. 4, the Court must dismiss the complaint under these circumstances as it has no personal jurisdiction over Mr. Thomson.

Second, even if Thomson had been properly served, the Plaintiffs have failed to allege any facts which would constitute acts or omissions by Thomson for which he could possibly be found liable to Plaintiffs. *See* Fed.R.Civ.P. 8. Therefore, the Court finds that Plaintiffs complaint fails to state a claim upon which relief could be granted.

### G. Conclusion.

For all of the reasons discussed above, the Court finds it appropriate as a matter of law to recommend that all of the Defendants' motions to dismiss be granted and, accordingly, that the case be dismissed in its entirety. The Court has considered whether to provide the Plaintiffs with an opportunity to amend their complaint, and affirmatively rejects the notion, because it is clear that, under the circumstances presented through the discussions of the above motions to dismiss, such a gesture would ultimately be futile.

## IV.

### Plaintiffs' motion to disqualify judges and to consolidate.

Plaintiffs seek to disqualify Judges Winmill and Lodge from presiding over or hearing any matters in this action, and additionally seek an order consolidating this case with another action, USA v. Parkinson, Case No. CV 98–340–E–BLW.

Judge Winmill has not been assigned to this case, making the Plaintiffs' request for

relief irrelevant, and so that portion of the motion will be denied.

As to the request to disqualify Judge Lodge from presiding over this case, Plaintiffs have state that such action is appropriate because they intend to name Judge Lodge as a defendant, and he will therefore be a witness in the case. At this juncture, Plaintiffs have not moved to amend their complaint to do this, nor do they state any basis for being able to do so properly. Accordingly, Plaintiffs have failed to present the Court with any valid basis for disqualifying Judge Lodge under 28 U.S.C. § 455, and that portion of the motion must be denied.

Finally, Plaintiffs move to consolidate this action with another action in which they have been named as Defendants by the United States for the purpose of collecting taxes due and owing the government, which is Case No. 98–340–E–BLW. The Court finds that it is not appropriate to consolidate the two causes of action because they do not have causes of action in common, nor would it meet any goals of judicial economy since summary judgment has already been ruled on in the other case, which will presumably result in resolution of the matter in short order. Accordingly, the portion of the instant motion seeking consolidation will also be denied.

## V.

### Remaining motions.

Based on the foregoing, and because the Court will recommend that all of the Defendants' motions to dismiss be granted, the Court finds the remaining motions regarding discovery to be moot.

### *ORDER*

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Plaintiffs' motion to disqualify Winmill and Lodge, and to consolidate case with No. 98–340–E–BLW (docket # 14–1 and # 14–2), filed August 25, 2000, is DENIED IN ALL RESPECTS.

2) IRS Defendants' motion for a protective order re: discovery (docket # 32), filed September 29, 2000, is DEEMED MOOT.

3) Plaintiffs' motion to strike/quash motion for protective order (docket # 41), filed October 11, 2000, is DEEMED MOOT.

4) Plaintiffs' motion to compel Defendants to comply with Plaintiffs (docket # 42), filed October 11, 2000, is DEEMED MOOT.

5) Plaintiffs' motion to compel Defendant Winmill to answer interrogatories (docket # 44), filed October 23, 2000, is DEEMED MOOT.

6) Defendant Winmill's motion for protective order staying discovery (docket # 45), filed November 17, 2000, is DEEMED MOOT.

### *RECOMMENDATION*

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court hereby **RECOMMENDS that:**

1) Idaho Defendants' motion to dismiss (docket # 7), filed August 8, 2000, be GRANTED.

2) IRS Defendants' motion to dismiss (docket # 11), filed August 29, 2000, be GRANTED.

3) Federal Court Defendants' motion to dismiss (docket # 21), filed September 18, 2000, be GRANTED.

4) Defendant Betty Richardson's motion to dismiss (docket # 22), filed September 18, 2000, be GRANTED.

5) Defendant Ray Rigby's motion to dismiss (docket # 24), filed September 18, 2000, be GRANTED.

6) Defendant Dale Thomson's motion to dismiss (docket # 26), filed September 19, 2000, be GRANTED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.