Douglas Wayne THOMPSON, Appellant,

v.

Joseph WALBRAN, Assistant United States Attorney, Appellee.

No. 92–3506.

United States Court of Appeals, Eighth Circuit.

Submitted March 29, 1993.

Decided April 2, 1993.

Douglas Wayne Thompson, pro se.

Lonnie Bryan, Minneapolis, MN, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Douglas Wayne Thompson, a federal inmate incarcerated in Kansas, appeals the district court's[1] dismissal of his *Bivens* complaint against federal prosecutor Joseph Walbran. We affirm.

In January 1989, Thompson entered a conditional plea of guilty to aiding and abetting a robbery, conspiracy to commit bank robbery, possession of a firearm during a crime of violence, and interstate transportation of a firearm. On direct appeal, Thompson challenged the district court's denial of his motions to withdraw his guilty plea and to suppress evidence. He argued that the police had not had reasonable suspicion to stop the automobile in which he was riding or probable cause to make an arrest and search the vehicle. This court affirmed the district court on both grounds after concluding that the officers had probable cause to arrest Thompson and that they searched the car in a valid search incident to a lawful arrest. *United States v. Thompson,* 906 F.2d 1292

(8th Cir.), *cert. denied,* 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990).

This is Thompson's third attempt to litigate whether he was deprived of access to the courts in violation of the First Amendment, and whether Walbran wrongfully seized his property, denying him the right to employ counsel of his choice. *See Thompson v. Walbran,* No. 92–1813 (8th Cir. Nov. 9, 1992) [978 F.2d 1264 (table)] (unpublished per curiam); *Thompson v. Williamson,* No. 91–1601 (8th Cir. May 11, 1992) [962 F.2d 12 (table)] (unpublished per curiam). Thompson also alleged that Walbran refused to comply with his post-conviction requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), for police and FBI files, tape recordings, and other records concerning his conviction. Thompson sought declaratory relief, compensatory and punitive damages, attorneys fees, and costs. Thompson did not ask for the production of any records, documents, or information in Walbran's possession.

We conclude that Walbran is entitled to absolute prosecutorial immunity for claims arising out of his conduct during Thompson's criminal prosecution. *See Burns v. Reed,* — U.S. —, —, 111 S.Ct. 1934, 1941, 114 L.Ed.2d 547 (1991) (prosecutors are "absolutely immune from damages liability ... for eliciting false and defamatory testimony from witnesses"); *Myers v. Morris,* 810 F.2d 1437, 1446 (8th Cir.) ("allegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial ... do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred"), *cert. denied,* 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). We also conclude that Walbran is entitled to absolute prosecutorial immunity for retaining Thompson's property because it was important evidence and, if Thompson succeeded on direct appeal or his section 2255 petition, it would be needed at trial. *See Imbler v. Pachtman,*

1. The Honorable David S. Doty, United States District Judge for District of Minnesota, adopting the report and recommendations of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota.

424 U.S. 409, 431–32, 96 S.Ct. 984, 995–96, 47 L.Ed.2d 128 (1976) (prosecuting attorney who acts within scope of duties in initiating criminal prosecution and presenting state's case is absolutely immune from section 1983 suit for damages); *see also White v. Bloom,* 621 F.2d 276, 280 (8th Cir.) (same holding in suit based under sections 1983 and 1985), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980), *cert. denied,* 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981).

■ Finally, we conclude that Thompson failed to state a claim under the FOIA. Even without deciding whether Thompson is entitled to the documents and records he alleges Walbran has refused to provide, Thompson is not entitled to recover monetary damages from Walbran for failure to comply with a request under the FOIA, Thompson did not seek production of the documents and records in his complaint, and he sued the wrong party. *See Daniels v. St. Louis VA Regional Office,* 561 F.Supp. 250, 251 (E.D.Mo.1983) (no private right of action for money damages under FOIA); *Diamond v. FBI,* 532 F.Supp. 216, 233 (S.D.N.Y.1981), *aff'd,* 707 F.2d 75 (2d Cir.1983), *cert. denied,* 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984) (same); *see also Sherwood Van Lines v. United State Dep't of Navy,* 732 F.Supp. 240, 241 (D.D.C.1990) ("FOIA authorizes suit against federal agencies and does not create cause of action against individual employees of the agency.").

Accordingly, we affirm.