80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Barbara SCHWARZ, Appellant,
v.
UNITED STATES PATENT & TRADEMARK OFFICE.
 No. 95-5349.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 22, 1996.
 
 Before: WALD, WILLIAMS, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order of September 20, 1995, be affirmed. Appellant's complaint lacked an arguable basis in law, and was properly dismissed pursuant to 28 U.S.C. § 1915(d). The Freedom of Information Act ("FOIA") explicitly provides that when an agency has already made records available under subsections (a)(1) or (a)(2) of 5 U.S.C. § 552, the agency need not disclose the records in response to a FOIA request under subsection (a)(3). See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 152 (1989). The U.S. Patent and Trademark Office ("PTO") makes patent files available for public inspection or copying under subsection (a)(2). See 37 C.F.R. § 1.11(a) ("After a patent has been issued ... all papers relating to the case in the file of the patent or statutory invention registration are open to inspection by the public, and copies may be obtained upon paying the fee therefor."); see also 15 C.F.R. § 4.4 ("Availability of materials for inspection and therefor."); see also 15 C.F.R. § 4.4 ("Availability of materials for inspection and copying; indexes"). As the records sought by appellant are open to public inspection and indexed by PTO, and fall within section 552(a)(2), PTO has complied with the disclosure requirements of FOIA. See Leeds v. Commissioner of Patents and Trademarks, 955 F.2d 757, 758 (D.C.Cir.1992).
 
 
 3
 Finally, dismissal of appellant's damages claim was proper, as FOIA does not provide for monetary damages for a defendant's failure under FOIA to produce documents. See 5 U.S.C. § 552(a)(4)(B); Thompson v. Walbran, 990 F.2d 403, 404 (8th Cir.1993).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.