**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRETT KENNETH MILLER,

    Petitioner,

v.

UNITED STATES ATTORNEY,

    Respondent.

No. 97-3033

(D. Kansas)

(D.C. No. 96-3538-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** , **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Brett Kenneth Miller, an inmate at U.S.P. Leavenworth, filed an action in the district court against the United States Attorney for the District of Kansas.  The pleading

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

is entitled "Writ of Habeas Corpus." It alleges that Miller's Fourteenth Amendment right to equal protection is being violated because

> the cops and staff at this prison have committed more than 75 felonies against the petitioner, [i.e.] statute [18 U.S.C. § 242], statute [18 U.S.C. § 1001], and violating a federal prisoner[']s right (statute omitted), and the U.S. Attorney is not prosecuting these felon officials for the felonies that they committed against the petitioner, (also committed mail theft and assault.)
> When prison officials commit over 75 felonies against a prisoner, it is the U.S. Attorney[']s job and obligation to prosecute these criminal officials for the felonies they committed.
> Petitioner wants these cops and prison staff arrested and prosecuted in court for the felonies that they committed against the petitioner, by a prosecutor out of this district.

Petitioner's Memorandum of Law at 4-6. The district court correctly dismissed the action since it does not state a claim for relief recognized under the statutes providing for writs of habeas corpus.

Even reading the complaint liberally as an attempt to sue the United States Attorney for violating Miller's civil rights,[1] it fails every test. The allegations fail to state anything but a conclusion, violating the Federal Rules of Civil Procedure. More to the point, Miller's allegations do nothing more than impermissibly attack matters of prosecutorial discretion. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

---

[1]See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

of another."); Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (same); Dohaish v. Tooley, 670 F.2d 934, 937 (10th Cir. 1982) (same).

Finally, the prosecutor is entitled to immunity with respect to decisions not to prosecute, acts "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see Brodnicki v. City of Omaha, 75 F.3d 1261, 1268 (8th Cir.), cert. denied, 117 S. Ct. 179 (1996); Hammond v. Bales, 843 F.2d 1320, 1321 (10th Cir. 1988); Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982). Such absolute immunity applies equally to state and federal prosecutors. See Thompson v. Walbran, 990 F.2d 403, 404 (8th Cir. 1993); Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991); Ehrlich v. Guiliani, 910 F.2d 1220, 1222 n.2 (4th Cir. 1990); Demery v. Kupperman, 735 F.2d 1139, 1143-44 (9th Cir. 1984); Yaselli v. Goff, 12 F.2d 396, 406 (2d Cir. 1926).

We conclude that this case is civil in nature and subject to the filing fee requirements under 28 U.S.C. § 1915 which were imposed by the district court. We also conclude that this appeal is frivolous, requiring dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Stephen J. Anderson
Circuit Judge