**Lavina Rae JOHNSON, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. C01–5489RJB.

United States District Court, W.D. Washington.

Nov. 1, 2002.

Lavina Rae Johnson, Sequim, WA, pro se.

Diane E. Tebelius, U.S. Attorney's Office, Seattle, WA, Jennifer L. Best, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## ORDER GRANTING INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

BRYAN, District Judge.

This matter comes before the court on the Internal Revenue Service's Motion for Summary Judgment (Dkt.54) and on Plaintiff's Rule 56(f) Motion to Postpone Consideration of Defendant's Motion for Summary Judgment (Dkt.61). The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## FACTUAL BACKGROUND

Plaintiff filed several Freedom of Information Act (FOIA) and Privacy Act (PA) requests with the Internal Revenue Service (IRS), requesting a variety of documents and records.

1. Plaintiff contends that, on **June 24, 1998 (Count 12 of the Third Amended Complaint)**, she filed a request for a Document filed under DLN 91277–049–00000–8. The Ogden Campus Disclosure Office has no record of having received this FOIA/PA from plaintiff. Kenneth Wilder, the Disclosure Specialist at the Ogden Campus Disclosure Office, determined that the Ogden Campus Disclosure Office received a duplicate FOIA request from plaintiff seeking the document corresponding to the same DLN. Mr. Wilder determined that the IRS had no documents that corresponded to the DLN requested. On August 2, 2001, Mr. Wilder sent a letter notifying plaintiff that there were no documents responsive to her request.

2. On **June 25, 1998 (Count 13 of the Third Amended Complaint)**, plaintiff requested a Document filed under DLN 91277–029–77500–8. The Ogden Campus Disclosure Office received the request on July 7, 1998. The Ogden Campus Disclosure Office determined that it did not possess any documents or records corresponding to the requested DLN, and notified plaintiff of the same on July 20, 1998.

3. On **July 28, 2000 (Count 2 of the Third Amended Complaint)**, plaintiff requested the Collection Case file pertaining to her 1993, 1994, and 1995 personal income taxes. The Ogden Campus Disclosure Office received the request on August 1, 2000. On August 3, 2000, the Ogden Campus Disclosure Office notified plaintiff that her request had been forwarded to the Seattle Disclosure Office because it pertained to collection activities. The August 3, 2000 letter also notified plaintiff

that the twenty workday statutory period for responding to a FOIA request would not begin to run until the FOIA/PA request was received by the Seattle Disclosure Office.

On August 8, 2000, the Seattle Disclosure Office received the FOIA/PA request. Sheila Walters, a Disclosure Specialist at the Seattle Disclosure Office, interpreted the FOIA/PA request to mean that plaintiff was seeking any records associated with collection activity for the three years stated in her request. Because Ms. Walters determined that additional time would be required to gather the responsive documents and to make the necessary redactions, Ms. Walters sent plaintiff letters on September 20, 2000, November 9, 2000, December 21, 2000, January 22, 2001, and March 14, 2001, seeking additional time to process the FOIA/PA request. Ms. Walters directed the disclosure clerk to contact the Federal Documents Center to obtain a copy of the collections case file, which consisted of 329 pages. Ms. Walters reviewed the responsive documents to determine whether the IRS needed to redact any information, then redacted 155 pages in full and fifteen pages in part because they contained the return information of a person or persons other than plaintiff. The redacted and withheld pages were withheld pursuant to FOIA, 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C). Ms. Walters also withheld five pages in full under 5 U.S.C. § 552(b)(5) because they contained correspondence reflecting the IRS' deliberative process. These five pages consisted of a memorandum from Chief Counsel to the Special Procedures Advisor in Seattle, providing legal advice regarding pending collection activities. Ms. Walters withheld fifteen pages in part and one page in full under 5 U.S.C. § 552(b)(7)(A) on the basis that those documents pertained to an ongoing law enforcement investigation and could interfere with the investigation. Ms. Walters also withheld these pages under 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(e)(7), on the basis that release of these pages would impair federal tax administration. On November 29, 2001, the Seattle Disclosure Office provided plaintiff with 208 pages responsive to her request. The November 29, 2001 letter accompanying the released records described the redactions made and cited to the applicable FOIA subsections underlying those redactions. Ms. Walters enclosed a Form 393 in the November 29, 2001 response letter, setting forth plaintiff's appeal rights. There is nothing in the record to suggest that plaintiff filed an administrative appeal of this determination.

After plaintiff filed this lawsuit, Melinda K. Fisher, an attorney in the Office of General Counsel of the IRS, reviewed the documents responsive to plaintiff's July 28, 2000 FOIA/PA request that had been withheld from disclosure, and determined that some of the responsive information was exempt from disclosure and some could be released. Ms. Fisher's determinations were as follows:

*Material withheld in full pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)7(C).* Ms. Fisher concluded that of the 115 pages previously withheld in full pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C): (a) the IRS should continue to withhold 110 pages in full because these pages included personal return information and internal correspondence related to an individual or individuals other than plaintiff; (b) the IRS should continue to withhold under 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), two pages in full of database transcripts calculating the income tax liability for a business taxpayer or taxpayers other than

plaintiff; (c) the IRS should redact and withhold in part the remaining three pages previously withheld in full, with portions of these pages redacted pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), on the basis that the withheld portions consisted of information related to a taxpayer or taxpayers other than plaintiff.

*Material previously withheld in full pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C).* Ms. Fisher concluded that of the fifteen pages previously withheld in part pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), (a) the IRS should continue to withhold the redacted portions of eleven pages because the information redacted related to a taxpayer or taxpayers other than plaintiff, and that release of this information would not serve the public interest by shedding light on the IRS' performance of its statutory duties; (b) the IRS should continue to withhold some portions of the documents while other portions previously withheld should be released because the information consisted of Inventory Control System transcripts and memoranda related to a taxpayer or taxpayers other than plaintiff, and that release of this information would not serve the public interest by shedding light on the IRS' performance of its statutory duties; and (c) the IRS should continue to withhold Business Master File data pursuant to I.R.C. § 6103(b)(2), of a taxpayer or taxpayers other than plaintiff on the basis that this material is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a).

*Material previously withheld in full pursuant to 5 U.S.C. § 552(b)(5).* The five pages previously withheld in full, pursuant to 5 U.S.C. § 552(b)(5), consisted of a memorandum by the IRS District Counsel to IRS personnel assigned to investigate plaintiff's tax liability. On review, Ms. Fisher determined that two of these pages should be released in full; those pages contained legal analysis regarding the placement of a nominee lien. Ms. Fisher determined that this information regarding a pending investigation should be released because the information no longer posed harm to the IRS's investigation. Ms. Fisher also determined that the IRS should continue to withhold the remaining three pages in part, pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), because the documents contained information on a taxpayer or taxpayers other than plaintiff; because release of this information would not serve the public interest by shedding light on the IRS' performance of his statutory duties; and because the privacy interest of the taxpayer or taxpayers in protecting personal tax information outweighed the public interest.

*Material previously withheld in part pursuant to 5 U.S.C. § 552(b)(7)(A).* Of the fifteen pages previously withheld in part pursuant to 5 U.S.C. § 552(b)(7)(A), on review, Ms. Fisher determined that the IRS should release the information on fourteen pages but that the IRS should continue to withhold the remaining page in part, pursuant to 5 U.S.C. § 552(b)(7)(A) because the information described the size and scope of a pending IRS investigation, disclosure of which could reasonably be expected to interfere with that investigation.

*Material previously withheld in full pursuant to 5 U.S.C. § 552(b)(7)(A).* Ms. Fisher determined that the one page previously withheld in full, pursuant to 5 U.S.C. § 552(b)(7)(A), should be released.

*Material previously withheld in full pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(e)(7).* The

IRS released in part the three pages previously withheld in full, pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(e)(7). These pages consisted of investigation notes handwritten by the Revenue Officer investigating plaintiff. On review, Ms. Fisher determined that selected portions of these pages should be withheld in part, pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), because these portions contained information of a taxpayer or taxpayers other than plaintiff. In addition, Ms. Fisher determined that release of this information would not serve the public interest by shedding light on the IRS' performance of its statutory duties, that the privacy interests of the taxpayer or taxpayers in protecting personal tax information outweighed the public interest in this information, and that the information was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C).

Additional material on one page, consisting of the contact information for potential third-party witnesses, has been withheld pursuant to 5 U.S.C. § 552(b)(7)(C). Ms. Fisher determined that release of this information was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C), because release would not serve the public interest by shedding light on the IRS' performance of its statutory duties, and the privacy interests of the taxpayer or taxpayers in protecting personal contact information outweighed the public interest, if any, in this information.

On September 13, 2002, the Office of Assistant Chief Counsel (Disclosure and Privacy Law) notified plaintiff of Ms. Fisher's review of the documents withheld in response to her July 28, 2000 FOIA request. The Office of Chief Counsel also provided plaintiff with copies of the documents Ms. Fisher had determined were available for release.

4. On **October 19, 2000 (Count 1 of the Third Amended Complaint)**, plaintiff requested Non–Master file assessment voucher 5734 and comments field maintained in a system of records known as the Integrated Data Retrieval System/IRS 34.018 pertaining to plaintiff. This request was received by the Seattle Disclosure Office on October 25, 2000. In November of 2000, Ms. Walters called the Ogden Campus Disclosure office to determine whether that office had processed a similar FOIA/PA request. Peggy London, a Senior Disclosure Specialist, advised Ms. Walters that a search for non-master file documents pertaining to 1993, 1994, and 1995 had already been performed and that the Ogden Campus Disclosure Office had notified plaintiff that the documents did not exist. On November 29, 2000, the Seattle Disclosure Office informed plaintiff that there were no documents responsive to her request for non-master file documents. The Seattle Disclosure Office requested additional time to search for documents responsive to the portion of plaintiff's request seeking documents from the Integrated Data Retrieval System/IRS 34.018. Ms. Walters enclosed with the letter a Notice 393, which set forth plaintiff's appeal rights.

Due to uncertainty as to how to properly search for documents responsive to the request seeking documents from the Integrated Data Retrieval System/IRS 34.018, Ms. Walters' manager requested guidance from the headquarters office in Washington, D.C. While waiting for a response from headquarters, Ms. Walters mailed three letters to plaintiff requesting additional time to process her FOIA/PA request. These letters were dated January 29, 2001, March 14, 2001, and May 14, 2001. Ms. Walters provided contact information in each letter as well as in the November 29, 2000 letter in case plaintiff wished to inquire as to the status of her

request. On June 25, 2001, Ms. Walters received a letter from plaintiff consenting to the time extensions.

In August of 2001, a Disclosure Specialist in the Ogden Campus Disclosure Office advised the Seattle Disclosure Office that the non-master file comments field was not maintained in the system of records known as Treasury/IRS 34.018. On August 21, 2001, Ms. Walters contacted Denise Higley in the Ogden Campus Disclosure Office to conduct another search for any non-master file records. On August 22, 2001, Ms. Higley reaffirmed that the records did not exit. On August 27, 2001, the Seattle Disclosure Office notified plaintiff that no comments fields are maintained in the system of records Treasury/IRS 34.018 and that there were no documents responsive to that portion of her request. Ms. Walters enclosed a Form 393 with the August 27, 2001 letter.

5. On **June 22, 2001 (Count 6 of the Third Amended Complaint)**, plaintiff requested Form 23C records of assessment voucher for the years 1993, 1994 and 1995. The Ogden Disclosure Office received the request on July 30, 2001. Mr. Wilder contacted the IRS Accounting Office in Ogden, which is responsible for maintaining records of the assessments made against individuals who reside in the region covered by the IRS' Ogden Campus, including Washington state. On August 29, 2001, the Ogden Disclosure Office informed plaintiff that the IRS needed additional time to process her request. On September 27, 2001, the Ogden Disclosure Office provided plaintiff with copies of the five pages responsive to her request; these documents consisted of RACS 006 transcripts, which would include any assessments made against plaintiff in 1994. The IRS did not withhold any documents or information responsive to plaintiff's June 22, 2001 FOIA/PA request.

6. On July 30, 2001, the Ogden Campus Disclosure Office received three FOIA/PA requests from plaintiff, dated **June 27, 2001 (Count 7 of the Third Amended Complaint), June 30, 2001 (Count 8 of the Third Amended Complaint), and July 4, 2001 (Count 9 of the Third Amended Complaint)**. These requests sought copies of documents corresponding to DLNs 29247–450–70019–8, 29247–647–10037–7, and 29247–450–70021–8, respectively. Mr. Wilder reviewed plaintiff's account information and determined that these DLNs corresponded to documents included in the examination files maintained by the IRS' Seattle Office. By reviewing the online listing of FOIA/PA requests filed by plaintiff, Mr. Wilder determined that plaintiff had already submitted a FOIA/PA request to the Seattle office, seeking a copy of the examination file, which would include documents corresponding to these DLNs. By three letters dated October 12, 2001, the Ogden Campus Disclosure Office notified plaintiff that her requests duplicated the requests received by the Seattle Disclosure Office and that the Seattle office would be responding to these requests. Mr. Wilder enclosed a Notice 393 in each of the three letters dated October 12, 2001.

In the Seattle Disclosure Office, Ms. Walters verified that the documents corresponding to the requested DLNs pertained to examination file documents and that plaintiff had requested a copy of the examination file in a FOIA/PA request received by the Seattle Disclosure Office in 1998. Plaintiff's 1998 request for the examination file and proof that the IRS had responded to her request had been destroyed in accordance with the IRS' record retention policies. As a result, Ms. Walters decided to process plaintiff's three FOIA/PA requests received by the Ogden Disclosure Office on July 30, 2001. The examination files, consisting of 1706 pages, were re-

ceived by the Seattle Disclosure office on August 13, 2002. Upon review, Ms. Walters determined that of the 1,706 pages, 702 pages should be withheld in full pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), because the documents consisted of personal return information of a taxpayer or taxpayers other than plaintiff, and information about third-party witnesses in an investigation of a taxpayer or taxpayers other than plaintiff. Ms. Walters also determined that release of this information would constitute an unwarranted invasion of personal. privacy if released.

Of the 1,004 remaining pages, the Seattle Disclosure Office withheld in part 178 pages pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C), because the documents contained return information of a taxpayer or taxpayers other than plaintiff. Ms. Walters also determined that release of this information would constitute an unwarranted invasion of personal privacy if released.

On September 13, 2002, the Seattle Disclosure Office notified plaintiff that the 1,004 pages to be released in full or in part would be mailed to her upon receipt of payment for the costs incurred in copying the requested documents. In accordance with 26 C.F.R. 601.702(f) and the Seattle Disclosure office's regular operating procedure, Ms. Walters did not charge plaintiff for copies of the first 100 pages, and charged her $.20 for each of the remaining 904 pages. The total cost for the copies was determined to be $180.80. The IRS contends that, upon receipt of payment, Ms. Walters will mail the 1,004 pages to plaintiff.

7. On **July 5, 2001 (Count 4 of the Third Amended Complaint)**, plaintiff requested tax module documents pertaining to plaintiff for the years 1992–95. The Ogden Disclosure Office received this request on July 30, 2001. Mr. Wilder located seventeen pages of documents responsive to plaintiff's request. On September 5, 2001, the Ogden Disclosure Office sent copies of the seventeen pages to plaintiff. The IRS did not withhold any documents or information responsive to plaintiff's July 5, 2001 request.

8. On **July 6, 2001 (Count 3 of the Third Amended Complaint)**, plaintiff requested AMDISA documents pertaining to plaintiff for the tax years 1995 through 1997. The Ogden Campus Disclosure Office received the request on July 30, 2001. Mr. Wilder checked the Integrated Data Retrieval System to determine whether such information existed, and determined that the IRS did not possess any documents responsive to plaintiff's request. On August 30, 2001, the Ogden Campus Disclosure Office notified plaintiff that the IRS did not locate any documents responsive to her request. Mr. Wilder enclosed a Notice 393 with the August 30, 2001 letter.

9. On **July 7, 2001 (Count 5 of the Third Amended Complaint)**, plaintiff requested copies of the Individual Master File transcript pertaining to her account for the years 1998 to 2000. The Ogden Campus Disclosure Office received the request on July 31, 2001. Mr. Wilder accessed plaintiff's account information and found no documents responsive to the request. On August 27, 2001, the Ogden Campus Disclosure Office notified plaintiff that the IRS was unable to locate any documents responsive to her July 7, 2001 request.

10. On **July 13, 2001 (Count 10 of the Third Amended Complaint)**, plaintiff requested copies of documents pertaining to James T. Aurand, a revenue officer employed by the IRS. Because Mr. Aurand was an employee in the IRS' Seattle offices, plaintiff's request was under the jur-

isdiction of the Seattle Disclosure Office. On August 15, 2001, the Ogden Campus Disclosure Office notified plaintiff that any documents responsive to her request would be under the control of the Seattle Disclosure Office and that the request had been forwarded to that office for processing.

The Seattle Disclosure Office received plaintiff's July 13, 2001 request on July 30, 2001. On January 2, 2002, the Seattle Disclosure Office partially responded to plaintiff's request by informing her that delegation orders are generally issued by position or title, not by individual employee, and by providing her with copies of IRS-wide delegation orders. On January 23, 2002, the Seattle Disclosure Office sent plaintiff a copy of Mr. Aurand's oath of office, and informed her that any additional responsive material regarding Mr. Aurand was not available according to the Office of Personnel Management (OPM) regulations and under 5 U.S.C. § 552(b)(6). The January 23, 2002 letter notified plaintiff that she could file an administrative appeal of this FOIA determination with OPM as permitted under 5 C.F.R. 294.110. Ms. Walters then closed the Seattle Disclosure Office's file on plaintiff's July 13, 2001 FOIA request. OPM has no record of receiving a FOIA appeal from plaintiff.

11. On August 10, 2001, the Ogden Campus Disclosure Office received three FOIA/PA requests from plaintiff, dated **July 14, 2001 (Count 11 of the Third Amended Complaint), July 15, 2001 (Count 14 of the Third Amended Complaint), and July 18, 2001 (Count 15 of the Third Amended Complaint).** Mr. Wilder consolidated the three requests for processing because they were identical in format and were received by the Ogden Campus Disclosure Office on the same day.

Part (a) of each request sought the identity of the assessment officers who had authorized any assessments made against plaintiff between 1993 and 1995. Mr. Wilder contacted the IRS' Accounting Office in Ogden regarding this request and discovered that assessment officers Shar Code and Michael Keefer had authorized assessments against plaintiff. Mr. Wilder then obtained the appointment affidavits for each assessment officer. On January 4, 2002, the Ogden Campus Disclosure Office provided plaintiff with a copy of these documents, consisting of two pages. The IRS did not withhold any information or records related to this request.

Part (b) of each request sought the delegation orders pertaining to the assessment officers. Mr. Wilder verified with the IRS' Accounting Office that the IRS was not in possession of the delegation orders requested. In the January 4, 2002 response letter to plaintiff, the Ogden Campus Disclosure Office notified plaintiff that the only applicable delegation orders were those delegation orders that are publicly available in the Internal Revenue Manual. The letter further provided plaintiff with the mailing address and costs for requesting copies of these publicly available documents from the IRS' FOIA reading Room.

Parts (c) and (d) of plaintiff's requests sought copies of Forms 9984 Examining Officer's Activity Record and 5600 Statutory Notice Worksheet for any assessments made against her between 1993 and 1995. If such documents had been created, they would have been included in the examination administrative file, which was in the possession and control of the IRS' Seattle Disclosure Office. Mr. Wilder verified that plaintiff had previously submitted a FOIA request to the Seattle Disclosure Office seeking a copy of the examination administrative file. In the January 4, 2002 response letter, plaintiff was notified that the Seattle Disclosure Office would be re-

sponding to items (c) and (d) of her request. Mr. Walters verified that in 1998 the Seattle Disclosure Office received a FOIA/PA request from plaintiff for a copy of the examination file. Plaintiff's 1998 request for the examination file and proof that the IRS had responded to her request had been destroyed in accordance with the IRS' retention policies. As a result, Ms. Walters in the Seattle Disclosure Office agreed to process plaintiff's three FOIA/PA requests that had been received by the Ogden Campus Disclosure Office. After searching for the files, the Seattle Disclosure Office received the examination files on August 13, 2002. These files contained the same documents that were responsive to plaintiff's June 27, 2001, June 30, 2001, and July 4, 2001 requests. As described above in the description of the IRS' response to plaintiff's requests of June 27, 2001, June 30, 2001, and July 4, 2001, Ms. Walters determined that 1,004 pages responsive to plaintiff's three FOIA/PA requests could be released in full or in part. On September 13, 2001, the IRS notified plaintiff that these pages would be released to her upon receipt of payment for the costs incurred in copying the requested documents.

Parts (e) and (f) of plaintiff's requests sought copies of Form 4340 Certificate of Assessments and Payments and 813 Document Register pertaining to any assessments made against plaintiff between 1993 and 1995. If such documents had been created, they would have been listed in the taxpayer's account. Mr. Wilder reviewed plaintiff's account information for the relevant tax years and found that the IRS was not in possession of any documents responsive to her requests. In the January 4, 2002 response letter, the Ogden Campus Disclosure Office notified plaintiff that the IRS was not in possession of any documents or information responsive to parts (e) and (f) of her request.

Part (g) of plaintiff's request sought copies of the Form 23C Summary Record of Assessment for any assessments made against her between 1993 and 1995. In response, the Ogden Campus Disclosure Office provided plaintiff with twenty-two pages of documents consisting of the Summary Record for the requested years. The Ogden Campus Disclosure Office did not withhold any information responsive to plaintiff's request for Forms 23C. In addition, the Ogden Campus Disclosure Office had previously provided plaintiff with a copy of the Summary Record of Assessment for the same period in response to her June 22, 2001 FOIA request.

On August 30, 2001, plaintiff filed this action, alleging that the IRS improperly withheld or concealed records, delayed in responding to her requests for documents or failed to respond to requests for records, and maintained inaccurate records which were used to take an adverse action against her. *See* Third Amended Complaint.

The IRS has now filed a motion for summary judgment.

## MOTION FOR SUMMARY JUDGMENT

The IRS filed a motion for summary judgment, contending that (1) the court lacks subject matter jurisdiction over the requests filed June 24, 1998 (Count 12 of the Third Amended Complaint), June 25, 1998 (Count 13), July 28, 2000 (Count 2), October 19, 2000 (Count 1), and July 7, 2001 (Count 5) because plaintiff did not exhaust her administrative remedies; (2) plaintiff fails to state a claim upon which relief may be granted because the IRS has not withheld and is not improperly withholding any documents responsive to her FOIA/PA requests that were dated October 19, 2000 (Count 1), July 6, 2001 (Count 3), July 5, 2001 (Count 4), July 7, 2001

(Count 5), June 22, 2001 (Count 6), June 27, 2001 (Count 7), June 30, 2001 (Count 8), July 4, 2001 (Count 9), July 13, 2001 (Count 10), July 14, 2001 (Count 11), June 24, 1998 (Count 12), June 25, 1998 (Count 13), July 15, 2001 (Count 14), and July 18, 2001 (Count 15); (3) plaintiff is not entitled to monetary damages under the FOIA or the Privacy Act; (4) plaintiff is not entitled to attorney's fees or costs; and (5) the Commissioner of Internal Revenue is not the proper party defendant in this lawsuit.

In response to the motion for summary judgment, plaintiff responded to the merits of the IRS' summary judgment motion, and also requested that the court delay consideration of this motion for summary judgment for sixty days, pursuant to Fed. R.Civ.P. 56(f), so that plaintiff may conduct the discovery necessary to respond to this motion for summary judgment.

*SUMMARY JUDGMENT STANDARD*

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over

a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association,* 809 F.2d 626, 630 (9th Cir.1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254, 106 S.Ct. 2505, *T.W. Elect. Service Inc.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.,* 809 F.2d at 630 (relying on *Anderson, supra).* Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

*DISCUSSION*

1. **Failure to exhaust administrative remedies with regard to requests relating to Count 1 (October 19, 2000), Count 2 (July 28, 2000), Count 5 (July 7, 2001), Count 12 (June 24, 1998), and Count 13 (June 25, 1998).** The IRS contends that because plaintiff failed to exhaust her administrative remedies by filing administrative appeals with regard to the responses

to these requests, the claims regarding these requests should be dismissed.

■ In a FOIA action, a plaintiff must exhaust administrative remedies prior to seeking judicial review. *See American Fed'n of Gov't Employees v. Department of Commerce,* 907 F.2d 203, 209 (D.C.Cir.1990); *Spannaus v. Department of Justice,* 824 F.2d 52, 58 (D.C.Cir.1987); *United States v. Steele,* 799 F.2d 461, 466 (9th Cir.1986); *United States v. United States District Court,* 717 F.2d 478, 480 (9th Cir.1983). Where a FOIA plaintiff attempts to obtain judicial review without first exhausting administrative remedies, the lawsuit is subject to dismissal for lack of subject matter jurisdiction. *See Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421, 1423 (9th Cir.1986)(*overruled on other grounds by Capital Tracing, Inc. v. United States,* 63 F.3d 859 (9th Cir.1995) and *Williams–Scaife v. Department of Defense Dependent Schools,* 925 F.2d 346 (9th Cir.1991)).

■ The FOIA requires that the agency respond to a request for documents within twenty workdays after the receipt of the request. *See* 5 U.S.C. § 552(a)(6)(A)(ii). If an agency fails to respond to the requester within the twenty workday period, but provides a response before the requester files suit, the requester must pursue administrative remedies prior to filing a complaint in the district court. *See Oglesby v. U.S. Department of Army,* 920 F.2d 57, 61 (D.C.Cir.1990); *Taylor v. Appleton,* 30 F.3d 1365, 1369 (11th Cir.1994); *Soghomonian v. U.S.,* 82 F.Supp.2d 1134, 1148 (E.D.Cal.1999).

At the time plaintiff filed this suit in federal district court, the IRS had responded to plaintiff's requests of October 19, 2000 (Count 1), July 28, 2000 (Count 2), July 7, 2001 (Count 5), June 24, 1998 (Count 12), and June 25, 1998 (Count 13). Plaintiff was required to file an appeal of the IRS determinations regarding these requests before filing a FOIA/PA action in federal court. Plaintiff has not shown that she filed such appeals. These claims should be dismissed.

■ After plaintiff filed this action, Ms. Fisher reviewed the documents responsive to plaintiff's July 28, 2000 request. Following that review, additional documents and portions of documents were released to plaintiff. The review by Ms. Fisher did not relieve plaintiff of the requirement to file an administrative appeal on the November 29, 2001 decision of the IRS in response to the July 28, 2000 request.

**2. Improper withholding of documents related to requests in Count 1 (October 19, 2000), Count 3 (July 6, 2001), Count 4 (July 5, 2001), Count 5 (July 7, 2001), Count 6 (June 22, 2001), Count 7 (June 27, 2001), Count 8 (June 30, 2001), Count 9 (July 4, 2001), Count 10 (July 13, 2001), Count 11 (July 14, 2001), Count 12 (June 24, 1998), Count 13 (June 25, 1998), Count 14 (July 15, 2001), and Count 15 (July 18, 2001).** Although Counts 1, 5, 12, and 13 are dismissed by this order for failure to exhaust administrative remedies, these claims will be addressed here on an alternate basis.

■ In order to prevail on a motion for summary judgment in a FOIA action, an agency must show that a reasonable search for responsive records was conducted. *See Patterson v. IRS,* 56 F.3d 832, 841 (7th Cir.1995); *Oglesby v. United States Dep't of the Army,* 920 F.2d at 68. In a FOIA action, the court may enjoin an agency where the agency has (1) improperly (2) withheld (3) agency records. *See* 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. For Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Each of these three criteria must be met before a district court may formulate remedies and force an agency to comply with a FOIA request.

*See United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989). A court may also enjoin an agency where the agency has refused to comply with an individual request for agency documents pursuant to the Privacy Act. *See* 5 U.S.C. § 552a(g)(1). If, upon the initiation of a lawsuit, it is determined that all documents found responsive to the underlying request have been released in full to the requester, the litigation should be dismissed on the grounds of mootness because there is no justiciable controversy. *See Tijerina v. Walters,* 821 F.2d 789, 799 (D.C.Cir.1987); *Carter v. V.A.,* 780 F.2d 1479, 1481 (9th Cir.1986); *Perry v. Block,* 684 F.2d 121, 125 (D.C.Cir.1982).

Plaintiff contends that the IRS failed to respond to her requests and failed to produce the documents she had requested. The record shows that the IRS did not withhold any documents which were responsive to plaintiff's FOIA/PA requests underlying Counts 1, 3, 4, 5, 6, 12, and 13; and Counts 11, 14, and 15, parts(a), (b), (e), (f) and (g). *See* Factual Background above. For each of these requests, the IRS either provided plaintiff with the requested documents or was unable to locate any responsive documents. The IRS is awaiting payment for copies from plaintiff before sending the responsive documents requested in Counts 7, 8, and 9; and Counts 11, 14, and 15, parts (c) and (d).

■ With regard to Plaintiff's FOIA/PA requests underlying Counts 7, 8, and 9; and Counts 11, 14, and 15, parts (c) and (d), the IRS withheld some documents in full and some in part pursuant to 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a). Withholding of information related to tax return and return information of another taxpayer or taxpayers is authorized under 5 U.S.C. § 552(b)(3), in conjunction with I.R.C. § 6103(a), and 5 U.S.C. § 552(b)(7)(C). Plaintiff contends

that the information withheld relates to tax information of her husband, and that the IRS is not justified in withholding such information from her. Even if the information withheld relates to plaintiff's husband, the record does not show that plaintiff's husband requested that the information be released to plaintiff. The IRS should not be left to guess whether a person would object to release of information that concerns private information requested by a third party.

■ The IRS also withheld information identifying third parties and witnesses contacted during an IRS investigation, as well as information that these parties gave to the IRS, under 5 U.S.C. § 552(b)(7)(C). The IRS has balanced the public interest in disclosure of such information against the invasion of personal privacy, and has determined as a categorical matter that such information is exempt from public disclosure because there are strong privacy interests in the personal information withheld and there is little or no countervailing public interest in such information; that determination is reasonable. *See Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); *Safe-Card Serv's Inc.,* 926 F.2d 1197 (D.C.Cir. 1991). Plaintiff has not shown that this information was improperly withheld.

There is no evidence that the IRS improperly withheld documents plaintiff had requested. The IRS' motion for summary judgment should be granted and the case should be dismissed.

**3. Claims that the IRS maintains a system of records designed to fabricate, falsify and fraudulently represent returns and return information.** Dkt. 61, ¶ 32. In the Third Amended Complaint, plaintiff "demands this court order the return of all properties taken from Plaintiff as a direct result of the adverse effect of

Defendants [sic] inaccurate records and such properties shall include bank accounts, savings accounts and payments under contract, plus a reasonable interest the total to be made upon final judgment in the above captioned case." Third Amended Complaint, ¶ 260.

It appears that the plaintiff was involved in some action involving the IRS, and that as a result of a decision in that action, plaintiff lost certain financial assets. Plaintiff appears to claim that the records of the IRS were falsified and inaccurate. Plaintiff could have raised that issue in the underlying IRS action against her. This claim goes beyond the disclosure provisions of the FOIA and PA, and appears to be an attempt to use the FOIA and PA to attack a judgment entered against plaintiff in a separate proceeding. Plaintiff may not use the FOIA and Privacy Act to make such an attack. The claims that the IRS maintains a system of records designed to fabricate, falsify and fraudulently represent returns and return information are not properly before the court in this action, and these claims should be dismissed on this motion for summary judgment.

**4. Monetary damages under FOIA and PA.** The FOIA does not provide a remedy of money damages. *See Lake Mohave Boat Owners Assoc. v. National Park Serv.*, 78 F.3d 1360, 1363 n. 1 (9th Cir.1995); *Gale v. U.S. Department of Justice*, 628 F.2d 224, 226 n. 4 (D.C.Cir. 1980). Damages are not recoverable in any suit brought under the Privacy Act, 5 U.S.C. § 552a(g)(1)(B), involving access to records, where the remedy is injunctive relief. *See* 5 U.S.C. § 552a(g)(3)(A); *Thurston v. United States*, 810 F.2d 438, 447 (4th Cir.1987); *Cell Assoc., Inc. v. National Inst's of Health*, 579 F.2d 1155, 1161–62 (9th Cir.1978). Plaintiff is not entitled to recover monetary damages for the alleged violations of her rights under the FOIA/PA. Even if plaintiff were to

prevail in this case, which she has not, she is not entitled to monetary damages. The IRS' motion for summary judgment should be granted as to this issue.

**5. Costs.** In a FOIA action, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The Privacy Act also provides for an award of reasonable attorney's fees and costs incurred "in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(3)(B). In her response, plaintiff contends that she is not requesting attorney's fees in connection with this action, but requests that the court order that the IRS reimburse her for the costs incurred in prosecuting this action.

In order to establish that she substantially prevailed under 5 U.S.C. § 552(a)(4)(E), a plaintiff must prove (1) that the prosecution of the action could reasonably be regarded as necessary to obtain the information; and (2) that the action had a substantive causative effect on the delivery of the information. *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir.1991). The criteria for awarding attorney's fees and litigation costs in Privacy Act actions are the same as the criteria for awarding such fees and costs as in a FOIA case. *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1088 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982).

Plaintiff did not exhaust her claims relating to Count 1 (October 19, 2000), Count 2 (July 28, 2000), Count 5 (July 7, 2001), Count 12 (June 24, 1998), and Count 13 (June 25, 1998) by filing an administrative appeal. She should not have filed this civil case with regard to those claims until she had pursued the

administrative process, and an award of costs is not warranted with regard to those claims. With regard to Count 1 (October 19, 2000), Count 3 (July 6, 2001), Count 4 (July 5, 2001), Count 5 (July 7, 2001), Count 6 (June 22, 2001), Count 7 (June 27, 2001), Count 8 (June 30, 2001), Count 9 (July 4, 2001), Count 10 (July 13, 2001), Count 11 (July 14, 2001), Count 12 (June 24, 1998), Count 13 (June 25, 1998), Count 14 (July 15, 2001), and Count 15 (July 18, 2001), a review of the record shows that the IRS had responded to some of these requests before plaintiff filed this civil action. Some of the responses of the IRS were sent after plaintiff had filed this action. The record shows, however, that the IRS searched for the requested records and was in the process of identifying, locating, and providing the documents at issue when plaintiff filed this civil action. Plaintiff's requests were complicated because some were duplicative and some requested information that was not in a form retrievable by the IRS. Plaintiff has not shown that the prosecution of this action was necessary to obtain the information requested. Moreover, the benefit to the public is minimal, considering that plaintiff requested access to documents and records pertaining to herself; and the IRS has shown that its actions had a reasonable basis in law. *See Church of Scientology v. U.S. Postal Service,* 700 F.2d 486, 492 (9th Cir.1983). Plaintiff is not entitled to an award of costs for prosecuting this action. The IRS' motion for summary judgment should be granted as to this issue.

■ **6. Proper party defendant.** Plaintiff named "Commissioner of Internal Revenue" as the defendant in this action. The district court has jurisdiction over the agency that allegedly violated the FOIA and PA. 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1). Individual agency employees are not proper party defendants in FOIA actions. *See Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir.1993); *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir.1987). The Internal Revenue Service is the proper party defendant in this action. Plaintiff's arguments in her response to the motion for summary judgment, to the effect that the IRS does not have the capacity to sue or be sued, are frivolous. Because any amendment of the complaint to name the proper party defendant would be futile, the court should not permit plaintiff to file an amended complaint naming the proper party defendant.

**7. Motion for continuance under Fed.R.Civ.P. 56(f).** Plaintiff has requested that the court delay consideration of this motion for summary judgment for sixty days, pursuant to Fed.R.Civ.P. 56(f) so that she may conduct the discovery necessary to respond to this motion for summary judgment. Plaintiff contends that the IRS did not identify their "expert witnesses" until it was too late for her to engage in discovery during the discovery period.

Fed.R.Civ.P. 56(f) provides as follows:

**When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In order to continue a summary judgment motion under Fed.R.Civ.P. 56(f), a party so requesting must show that he or

she diligently pursued previous discovery opportunities, and must also show how allowing additional discovery would preclude summary judgment. *Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 844 (9th Cir.1994). Plaintiff has not made a sufficient showing under Fed.R.Civ.P. 56(f) to continue this case or to conduct additional discovery. The discovery period set by the court has concluded. The witnesses plaintiff has identified as "experts" are fact witnesses; plaintiff had the opportunity to conduct discovery related to these witnesses during the discovery period. Moreover, plaintiff has made no showing that additional discovery would preclude summary judgment in this case. Plaintiff's Rule 56(f) Motion to Postpone Consideration of Defendant's Motion for Summary Judgment (Dkt.61) should be denied.

Therefore, it is hereby

**ORDERED** that the Internal Revenue Service's Motion for Summary Judgment (Dkt.54) is **GRANTED.** Plaintiff's Rule 56(f) Motion to Postpone Consideration of Defendant's Motion for Summary Judgment (Dkt.61) is **DENIED.** The case is **DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.